UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JALAM VANTROY SMITH, <br><br> Plaintiff, <br><br> v. <br><br> THE LUTERAN UNIVERSITY ASSOCIATION INC, *Valparaiso University*, <br><br> Defendant. | CAUSE NO.: 2:21-CV-178-TLS |

**OPINION AND ORDER**

This matter is before the Court on Defendant Valparaiso University's Motion for Summary Judgment [ECF No. 61], which is fully briefed and ripe for ruling. For the reasons set forth below, the Court GRANTS the Defendant's motion.

**PROCEDURAL BACKGROUND**

The Plaintiff Jalam Vantroy Smith filed an Amended Complaint [ECF No. 10] against the Defendant the Lutheran University Association Inc, *Valparaiso University*, bringing claims under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d, et seq. (Title VI); 42 U.S.C. § 1983, et seq. (§ 1983); 42 U.S.C. § 1985(3), et seq. (§ 1985); and Indiana state law.

Under Title VI, in Count I, the Plaintiff alleges race discrimination by the Defendant in his chemistry course (CHEM-121) when (1) the Office of the Registrar removed his chemistry course from his fall semester transcript, (2) the professors and student graders graded his assignments and exams unfairly and created a false midterm grade, (3) one of his course professors, Professor Leach, forced his withdrawal from the course, (4) his academic advisor, Jennifer Easthope, sent him a separation email, (5) the professors and student graders created a

hostile educational environment, (6) his professors and academic advisor excluded him from the course lecture and lab, (7) the discrimination complaint coordinator administrator confirmed that one of his chemistry professors, Professor Clark, used negative racial language stereotypes in the course, and (8) the Plaintiff was denied a formal investigation into the course.

Under Title VI, in Count II, the Plaintiff alleges race discrimination by the Defendant in his social work course (SOCW-260) when (1) the Office of the Registrar denied him late withdrawal from the course, (2) the course professor graded him unfairly on several assignments and the midterm exam, (3) the course professor created a hostile educational environment, (4) his midterm, Journal #5, and group proposal never received grading, and (5) he was denied a formal investigation into the course, including the interviewing of student S.H.

Under § 1983, in Count III, the Plaintiff alleges violation of the Equal Protection Clause of the Fourteenth Amendment when the Defendant (1) deprived him of his right to education and equality at the University and (2) departed from the normal University policies and procedures.

Under § 1985(3), in Count IV, the Plaintiff alleges deprivation of rights, privileges, and immunities when (1) the professors and student graders from his chemistry course, his social work course professors, the discrimination complaint coordinator administrator, and his academic advisor all conspired to deprive the Plaintiff of his right to educational opportunity and equality, (2) the coconspirators discriminated against him on the basis of race in his chemistry and social work courses, (3) the discrimination complaint coordinator administrator deleted emails, (4) his academic advisor sent him a separation email, and (5) there was departure from normal university policies and procedures.

Additionally, the Plaintiff alleges the following state law claims: breach of contract (Count V), unjust enrichment (Count VI), and defamation (Counts VII, VIII, and IX).

On March 27, 2023, the Defendant moved for summary judgment on all of the Plaintiff's claims. ECF No. 61. On April 5, 2023, the Plaintiff filed a motion seeking leave to file electronically a response brief along with materials already contained in the record [ECF No. 67]. The Court denied the Plaintiff's motion [ECF No. 68], advising the Plaintiff to cite to the evidence already in the record in any briefing filed in response to the Defendant's Motion for Summary Judgment. The Plaintiff did not file a response to the Defendant's Motion for Summary Judgment by the April 27, 2023 deadline for doing so. *See* N.D. Ind. L.R. 56-1(b); Fed. R. Civ. P. 6(d).

On May 9, 2023, the Defendant filed a document styled as a Reply Brief in Support of Its Motion for Summary Judgment [ECF No. 69] in which the Defendant only provided argument relating to the consequences of the Plaintiff's failure to timely respond to the Motion for Summary Judgment. On May 16, 2023, without requesting leave of Court, the Plaintiff filed an unsigned response in opposition to the Defendant's reply brief [ECF No. 70], as well as an accompanying statement of material facts [ECF No. 71].

On May 25, 2023, the Defendant filed a motion for clarification [ECF No. 72], requesting that the Court enter an order clarifying that briefing for summary judgment is complete. On June 16, 2023, the Court entered an order [ECF No. 73] with relief different than requested, accepting the Plaintiff's response and accompanying statement of material facts [ECF Nos. 70, 71] as the Plaintiff's response to the Defendant's Motion for Summary Judgment and ordering that the deadline for the Defendant to file a surreply to the Plaintiff's response and statement of material facts was June 30, 2023. On June 29, 2023, the Defendant filed a surreply [ECF No. 74] to the Plaintiff's response and statement of material facts. The Court now takes up the merits of the Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

Additionally, when, as here, a plaintiff is proceeding pro se, the documents filed are "to be liberally construed." *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, "even pro se litigants must expect to file a legal argument and some supporting authority." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up). "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the

point." *Id*. (quoting *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990)). Courts need not do the research for a party, even for one proceeding pro se. *Id*.

## MATERIAL FACTS[1]

### A. The Plaintiff's Enrollment at Valparaiso University

The Plaintiff was enrolled at Valparaiso University (the University) for one semester, in the fall of 2019. Smith Dep., 10:3–9, ECF No. 57. The 2019 fall semester began on August 20, 2019, and ended December 13, 2019. VALPO 000001, ECF No. 40; Def. Ex. B, ¶ 5, ECF No. 62-1. During the 2019 fall semester, the Plaintiff enrolled in five courses, including a social work course, Diverse Populations: Human Rights & Justice (SOCW-260). VALPO 000104, ECF No.

---

[1] These material facts are taken from the parties' statement of facts only to the extent they are supported by the cited evidence of record. Additionally, in its surreply, the Defendant argues that its version of the facts should be deemed admitted because the Plaintiff failed to comply with Northern District of Indiana Local Rule 56-1. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the [local] rule, those facts are deemed admitted for purposes of the motion." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (citation omitted); *see* Fed. R. Civ. P. 56(c)(1) (requiring parties to properly support their assertion of a genuine dispute). Here, Local Rule 56-1 requires the moving party to file a Statement of Material Facts with each fact numbered, a short statement of each fact, and a citation to the supporting evidence for each. N.D. Ind. L.R. 56-1(a)(3). Local Rule 56-1 requires a nonmoving unrepresented party, such as the Plaintiff, to then file a Response to Statement of Material Facts with a restatement of the moving party's Statement of Material Facts, a correspondingly numbered response that identifies each disputed fact along with supporting evidence, and a section titled Additional Material Facts with numbered paragraphs for additional undisputed facts that includes citations to supporting evidence. N.D. Ind. L.R. 56-1(b)(2)–(3). The Defendant properly filed its Statement of Material Facts. *See* ECF No. 62. However, the Plaintiff did not file a Response to Statement of Material Facts. Instead, in support of his brief, the Plaintiff filed a "Statement of Undisputed Genuine Issues of Material Fact," ECF No. 71, which is deficient because it largely argues the merits of his claims, fails to identify which specific facts he disputes, and does not properly cite the record when claiming undisputed facts or when claiming that there is a dispute. *See* N.D. Ind. L.R. 56-1(b)(2). Given the Plaintiff's failure to properly dispute the facts identified in the Defendant's Statement of Material Facts under Local Rule 56-1, the Court accepts those facts as admitted. *See Curtis*, 807 F.3d at 218.

40. The Plaintiff's academic advisor during his enrollment was Jennifer Easthope. Am. Compl. ¶¶ 7, 11; Def. Ex. C, ¶ 3, ECF No. 62-1.

During the 2019–2020 academic year, the Defendant maintained an Academic Resource Guide and Student Handbook (Student Handbook). *See* VALPO 000016–000095, ECF No. 40. The Defendant's Student Handbook contains a provision regarding withdrawal from courses, which provides in relevant part, "It is every student's responsibility to know the deadline dates for adding or withdrawing from a class. Deadlines are published in the current [] General Catalog. A student who stops attending class without officially withdrawing from the class will receive a grade of 'F' in that course." VALPO 000040, ECF No. 40. The campus-wide deadline for students to withdraw from regular courses was October 18, 2019. VALPO 000001, ECF No. 40; Def. Ex. B, ¶ 6. Students who wished to withdraw from a course after the October 18, 2019 deadline were required to submit a late withdrawal request. Def. Ex. B, ¶ 7. Late withdrawal requests were reviewed by the Defendant's Committee on Academic and Professional Standards (CAPS Committee), a committee comprised of eight voting members (including professors) and non-voting members (including a representative from the Registrar's Office and Assistant Deans). *Id*. ¶¶ 3, 4, 7. The CAPS Committee generally meets once per month, reviews late withdrawal requests on a case-by-case basis, and grants such requests if there exist extenuating circumstances (for example, if the student suffered a serious medical injury or condition, or if there are other reasons outside of the student's control justifying a late withdrawal). *Id*. ¶¶ 8, 9.

**B.     Social Work Course**

The Plaintiff's social work course, SOCW-260, was taught by Professor Christina Hearne, who is African American. Smith Dep. 239:13–15, 240:17–19, ECF No. 57. During the 2019 fall semester when the Plaintiff was enrolled, students who earned less than 480 points out

of 800 possible total points received a failing grade (a grade of F). VALPO 000134, ECF No. 40; Def. Ex. E, ¶ 5, ECF No. 62-1. In the social work course, each student's total points consisted of those earned on the following: (1) an introduction discussion board; (2) five journal entries; (3) a midterm examination; (5) an immersion project; (6) a group presentation; (7) attendance; (8) class participation; and (9) a social justice campaign. VALPO 000134, ECF No. 40; Def. Ex. E, ¶ 6. The Plaintiff earned the following points:

- Journal 1: 17 out of a possible 22 points. Def. Ex. E, ¶¶ 7, 8; VALPO 000145–000150, ECF No. 59. The Plaintiff earned this score because he submitted this assignment after its due date of September 2, 2019. Def Ex. E, ¶ 7. After the Plaintiff submitted Journal 1, Professor Hearne emailed the Plaintiff, noted Journal 1 was due on September 2, 2019, and asked, "Is there a reason you are just submitting this assignment?" VALPO 000194, ECF No. 59. The Plaintiff responded, "I apologize for the late submission I had forgot that you wanted it typed instead." VALPO 000195, ECF No. 59.

- Journal 2: 17 out of a possible 22 points. Def. Ex. E, ¶¶ 9, 10; Def. Ex. 000151–000154, ECF No. 59. The Plaintiff earned this score because he submitted this assignment late and because he did not exhibit an adequate understanding of the topic of stereotypes. Def. Ex. ¶ 9. After the Plaintiff submitted Journal 2, Professor Hearne emailed the Plaintiff, expressed her concern that all his assignments had by that date been submitted late, and asked him to meet with her. VALPO 000199, ECF No. 59.

- Journal 3: 21 out of a possible 22 points. Def. Ex. E, ¶¶ 11, 12; VALPO 000155–000157, ECF No. 59.

- Journal 4: 16 out of a possible 22 points. Def. Ex. E, ¶¶ 13, 14; VALPO 000158–000159, ECF No. 59. The Plaintiff earned this score because he did not fully address the assignment's prompt. Def. Ex. E, ¶ 13. On November 2, 2019, the Plaintiff emailed Professor Hearne and asked why he received 11 out of a possible 22 points on Journal 4, even though he submitted it on time; Professor Hearne responded that his submission did not address the prompt. VALPO 000211–000212, ECF No. 59. She ultimately gave the Plaintiff an additional five points "[t]o honor [the Plaintiff's] belief that [he] answered the question to the best of his ability." VALPO 000211, ECF No. 59.

- Journal 5: 17 out of a possible 22 points. Def. Ex. E, ¶¶ 15, 16; VALPO 000162–000164, ECF No. 59. The Plaintiff earned this score because he did not fully address the assignment's prompt. Def. Ex. E, ¶ 15; VALPO 000160, ECF No. 59.

- Immersion Plan Proposal: 30 out of a possible 50 points. Def. Ex. E, ¶ 17. The Plaintiff earned this score because, even after submitting a revised plan to Professor Hearne, he did not fully address the assignment's prompt. *Id.*; *see* VALPO 000140, ECF No. 59. After the Plaintiff submitted his immersion plan and outline on September 21, 2019, Professor Hearne emailed him, noted that there were "a variety of edits needed before [she would] give [the Plaintiff] approval to continue with [his] immersion plan", provided additional feedback, and asked [the Plaintiff] to re-submit the assignment. VALPO 000197, ECF No. 59. After he re-submitted the immersion plan on October 3, 2019, Professor Hearne explained that the plan still did not address all of the questions asked and noted the Plaintiff would not receive full credit. VALPO 000202, ECF No. 59.

- Midterm Examination: 77 out of a possible 140 points. Def. Ex. E, ¶¶ 18, 19; Def. Ex. 000166–000171, ECF No. 59. The Plaintiff earned this grade because he did not exhibit an adequate understanding of the many topics discussed in the midterm exam. Def. Ex. E, ¶ 18.

On October 4, 2019, Professor Hearne emailed the Plaintiff, copying Easthope, Valpo's Assistant Dean of Students, and the College of Arts and Sciences academic email address ("CAS.acadmic@valpo.edu"). VALPO 000203, ECF No. 59. In the email, Professor Hearne explained that the Plaintiff's academic performance in her course had been unsatisfactory and that he had a current grade of "F" in the course. *Id*. The Plaintiff did not attend his social work class on November 4, 2019, the date that he was scheduled to present a group presentation to his class. Smith Dep. 291:22–25, ECF No. 57. The Plaintiff testified that he did not inform Professor Hearne that he was not planning on attending class that day because there was "no need to talk to her anymore." *Id*. 292:22–24. Professor Hearne emailed the Plaintiff on that day and explained that he would receive zero points because he did not attend class and did not notify her in advance of his absence. VALPO 000210, ECF No. 59.

After November 4, 2019, the Plaintiff did not attend any more of Professor Hearne's social work classes, he did not submit any other assignments after that date, and he did not submit his final paper for the course. Smith Dep. 305:22–306:19, ECF No. 57. In addition to earning zero points for his group presentation (worth 150 points), the Plaintiff received a zero on

his final paper (worth 150 points), zero points on the social justice campaign (worth 30 points), and no additional points for attendance and participation after November 4, 2019. Def. Ex. E, ¶¶ 20–21. By the end of the 2019 fall semester, the Plaintiff had accumulated less than 480 points in SOCW-260. *Id*. ¶ 22. As such, he earned a failing grade in the social work course. *Id*.

Additionally, a total of thirty students enrolled in SOCW-260 during the 2019 fall semester, including the Plaintiff. *Id*. at ¶ 23. Five of these students identified as African American; the rest identified as Asian, Latino, or white. *Id*. Only the Plaintiff and a white student failed the course. *Id*. Of the four African American students who were not the Plaintiff, two received As, one received a B, and one received a C. *Id*. Of the non-African American students, sixteen received As, five received Bs, one received a C+, two received Cs, one received a D+, and one failed. *Id*. ¶¶ 23, 24; Def. Ex. 000172, ECF No. 59. Furthermore, the Plaintiff testified that Professor Hearne never made any disparaging remarks, other comments, or stereotypes about his race. Smith Dep. 239:16–240:19, ECF No. 57.

On November 11, 2019, the Plaintiff emailed Easthope and asked for help withdrawing from SOCW-260 because Professor Hearne was "treating [him] unfair in grading, harassing [him], and disrespecting [him]." VALPO 000213, ECF No. 59. Easthope responded that because the withdrawal deadline had passed (on October 18), he would need to complete a CAPS petition. *Id*. On November 12, 2019, the Plaintiff submitted a late withdrawal request—the CAPS petition—to withdraw from SOCW-260. Smith Dep. 313:2–8, ECF No. 57. As for the reason for his late withdrawal request, the Plaintiff wrote, "Unfair treatment, Harassment, Unfair Grading, and Disrespect by Professor Christina Hearne." VALPO 000102, ECF No. 40; Smith Dep. 313:11–314:7, ECF No. 57. The CAPS Committee reviewed the Plaintiff late withdrawal request on December 2, 2019—the next regularly-scheduled CAPS meeting after he submitted

9

his request. Def. Ex. B, ¶ 11. After meeting and discussing the Plaintiff's request, the CAPS Committee denied it, finding no extenuating circumstances that justified granting his request. *Id*. ¶ 12.

## ANALYSIS

**A.     Title VI Discrimination – Social Work Course**

Title VI provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007). This extends to any "college, university, or other postsecondary institution, or a public system of higher education" that receives federal funding. 42 U.S.C. § 2000d–4a(2)(A). Here, the parties do not dispute that the Defendant is a university that receives federal funding.

To survive summary judgment on a Title VI discrimination claim under the *McDonnell Douglas* burden-shifting framework, a plaintiff must show (1) "membership in a protected class," (2) "meeting the school's legitimate educational expectations," (3) "an adverse educational action[,]" and (4) "worse treatment than that of similarly situated students not in the protected class." *Brewer*, 479 F.3d at 921.[2]

However, in assessing a plaintiff's Title VI discrimination claim based on race, the Court may consider whether the evidence as a whole "would permit a reasonable factfinder to conclude that the plaintiff's race . . . caused the [plaintiff's] . . . adverse [educational] action." *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 499 (7th Cir. 2017) (quoting *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)). Thus, "a plaintiff need not use the *McDonell*

---

[2] "The elements of a prima facie case are the same under both Title VI and VII." *Brewer*, 479 F.3d at 921.

*Douglas* framework after *Ortiz*. At summary judgment, '[w]hat matters is whether [a plaintiff] presented enough evidence to allow the jury to find in [his] favor.'" *Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 957–58 (7th Cir. 2021) (quoting *Vega v. Chi. Park Dist.*, 954 F.3d 996, 1004 (7th Cir. 2020)).

The Plaintiff must also show that one of the Defendant's officials, "who at a minimum has authority to institute corrective measures," had "actual notice of," and was "deliberately indifferent to," its employees' discriminatory conduct. *Doe v. St. Francis Sch. Dist.*, 694 F.3d 869, 871 (7th Cir. 2012) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998)).[3] However, evidence of discrimination by the Defendant's employee is generally insufficient to stave off summary judgment. *See id.* (stating, in the Title IX context, that a school district cannot be liable for an employee's violation under a theory of respondeat superior).

In this case, the Defendant contends that summary judgment should be granted on the Plaintiff's Title VI claim based on racial discrimination in his social work course because he has, among other things, (1) failed to prove, under the *McDonnell Douglas* burden-shifting framework, the prima facia case of race discrimination, (2) failed to proffer evidence that other race discrimination occurred, and (3) failed to demonstrate the Defendant's actual notice of and deliberate indifference to the purported race discrimination. The Court agrees that the Plaintiff has failed to prove the prima facia case of race discrimination or proffer evidence of other race discrimination. Thus, the Court need not consider the remaining argument on actual notice and deliberate indifference.[4]

---

[3] Although *Doe v. St. Francis School District* is a Title IX case, the Supreme Court has noted that Title IX and Title VI "operate in the same manner." *Gebser*, 524 U.S. at 286. The Seventh Circuit has further explained that "a decision interpreting one generally applies to the other." *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014).

[4] Because the Plaintiff did not address deliberate indifference in his summary judgment brief, he has waived any argument on this issue. *Barnes-Staples v. Carnahan*, 88 F.4th 712, 719 (7th Cir. 2023)

First, although the Defendant does not dispute that the Plaintiff is a member of a protected class (prong one), or that he suffered an adverse educational action when he failed his social work course (prong three), the Plaintiff cannot meet his burden on either the second or fourth prongs of the *McDonnell Douglas* test.[5] For prong two, although the Plaintiff asserts in his Amended Complaint that he was meeting the Defendant's legitimate expectations, he does not address prong two in his brief and provides no evidence. To the contrary, the record largely shows that the Plaintiff was *not* meeting the Defendant's legitimate expectations because the course required that students earn 480 or more points not to earn a failing grade, but the Plaintiff earned less than 480 points. He also stopped attending the course on November 4, 2019, but did not officially withdraw from the course by the October 18, 2019 deadline. As to prong four, the Plaintiff provides no evidence that another student outside of his protected class earned less than 480 points but did not fail the course. To the contrary, the record shows a white student also failed the course.

Second, the evidence when viewed as a whole does not show race discrimination was the reason, even in part, for the Plaintiff's social work course grade. Notably, the Plaintiff testified that his social work course professor never made any disparaging remarks, other comments, or stereotypes about his race. Also, the record largely shows that the Plaintiff's poor academic

---

(finding that the plaintiff waived her sex discrimination claim under Title VII when she did not "develop" her argument before the district court by providing evidence or by illustrating specific unlawful conduct); *Coleman v. Hardy*, 690 F.3d 811, 819 (7th Cir. 2012) ("[I]f the argument itself was not adequately developed [before the district court], it is . . . waived.").

[5] To the extent the Plaintiff previously alleged that, under Title VI, he was discriminated against in his social work course when (1) the Office of the Registrar denied him late withdrawal from the course, (2) the course professor graded him unfairly on several assignments and the midterm exam, (3) his midterm, Journal #5, and group proposal never received grading, and (4) he was denied a formal investigation into the course, including the interviewing of student S. H., the Plaintiff has waived any argument as to those bases since he did not discuss them in his summary judgment response brief. *See Barnes-Staples*, 88 F.4th at 719; *Coleman*, 690 F.3d at 819.

performance and failure to attend class on and after November 4, 2019—without withdrawing from the course by the regular deadline—were the reasons for his F grade in the social work course. Other than his subjective belief, the Plaintiff provides no evidence that race discrimination occurred in his social work course. *See Hanners v. Trent*, 674 F.3d 683, 694 (7th Cir. 2012) (finding that the plaintiff's "subjective beliefs" about the implications of the defendant's statements were insufficient to create a genuine issue of material fact).

Therefore, the Defendant is entitled to summary judgment on the Plaintiff's claim for race discrimination in his social work course under Title VI (Count II) because he cannot prevail on his claim either under the *McDonnell Douglas* burden-shifting method or when the evidence is viewed as a whole.

**B.     Abandoned Claims**

The Defendant also moves for summary judgment on the remaining claims of race discrimination in the Plaintiff's chemistry course under Title VI (Count I), hostile environment under Title VI (Counts I and II), depravation of his Fourteenth Amendment right under § 1983 (Count III), deprivation of rights, privileges, and immunities under § 1985(3) (Count IV), breach of contract (Count V), unjust enrichment (Count VI), and defamation (Counts VII, VIII, and IX). In his response, the Plaintiff does not address these arguments or defend these claims; thus, he has abandoned his remaining claims. *See Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003) (concluding that a claim was abandoned when a party failed to defend it "in his district court brief in opposition to summary judgment"); *Barnes-Staples*, 88 F.4th at 719. Therefore, the Defendant is entitled to judgment on the Plaintiff's remaining claims.[6]

---

[6] The other arguments in the Plaintiff's summary judgment response brief related to the discovery deadline, procedure, judicial notice, his understanding of summary judgment evidentiary rules, settlement, the U.S. Department of Education's Office of Civil Rights (OCR) investigation, the filing of complaints outside of the instant action, and the Defendants' policies, procedures, and course syllabi do not put forth

13

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant Valparaiso University's Motion for Summary Judgment [ECF No. 61]. The Court DIRECTS the Clerk of Court to enter judgment in favor of the Defendant the Lutheran University Association Inc, *Valparaiso University*, and against the Plaintiff Jalam Vantroy Smith on all Counts of the Amended Complaint. The Plaintiff takes nothing by his Amended Complaint.

SO ORDERED on January 16, 2024.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT

---

a disputed material fact or otherwise offer evidence sufficient to survive summary judgment on any of the Plaintiff's claims. Therefore, the Court need not address them.